UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL LEWIS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-41 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently incarcerated at the George Beto Unit in Tennessee Colony, TX. Proceeding *pro se*, Petitioner filed this petition pursuant to 28 U.S.C. § 2254 on January 30, 2014.[1] (D.E. 1). The subject of the petition is a 2010 Nueces County conviction on two counts of sexual assault where Petitioner, as a repeat offender, was assessed two, 25 year sentences on each count to run concurrently. Petitioner claims the evidence was insufficient to support the judgment, the trial court erred by not ordering a competency evaluation of the victim, and he received ineffective assistance of trial counsel. (D.E. 1).

On June 20, 2014, Respondent filed a Motion for Summary Judgment. (D.E. 18). Petitioner filed a response titled Response to Answer to Habeas Petition on July 14,

---

[1] The petition was signed on January 30, 2014, and received by the Court on February 7, 2014. (D.E. 1); *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)( A *pro se* prisoner's "habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing.")

2014.² (D.E. 19). As discussed more fully below, it is recommended that Respondent's Motion for Summary Judgment be **GRANTED** and Petitioner's action for habeas corpus relief be **DISMISSED**. It is further recommended that a Certificate of Appealability be **DENIED**.

## I. JURISDICTION

Jurisdiction and venue are proper in this Court because Petitioner was convicted in Nueces County, Texas, which is within the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

On November 20, 2010, Petitioner was convicted on two counts of sexual assault and, as a repeat offender, assessed two concurrent 25 year sentences. Petitioner sexually assaulted his female roommate³ who was diagnosed with a multiple personality disorder in 1989.⁴ (D.E. 15-3, Page 84, D.E. 15-6, Page 2, D.E. 15-12, Page 43, and D.E. 18, Page 5).

---

² In his response, Petitioner requested an additional 45 days to address Respondent's procedural claims. (D.E. 19, Page 5). To date, Petitioner has not filed any supplemental briefing. The undersigned, as discussed below, fully reviewed both the procedural and substantive claims on each point of error.
³ The victim testified that she allowed Petitioner to "parole out" to her residence at the request of her incarcerated fiancé. She further testified Petitioner did not pay rent. (D.E. 15-11, Page 35). The victim's fiancé testified he was in the same dorm with the Petitioner and he requested the victim allow the Petitioner to stay with her for two weeks while Petitioner found employment and a place to live. (D.E. 15-12, Page 9). The victim's fiancé further testified that he spoke with Petitioner about the victim's mental ailments. (D.E. 15-12, Page 11).
⁴ The victim testified she currently "loses" entire days to other personalities, meaning she does not remember anything that occurred, about once a year. (D.E. 15-11, Pages 50-52). The victim

Petitioner filed a direct appeal and the Thirteenth Court of Appeals affirmed his conviction on January 5, 2012. (D.E. 15-7). Following the denial of his motion for rehearing, Petitioner filed a petition for discretionary review ("PDR") on May 9, 2012 with the Texas Court of Criminal Appeals ("CCA"). (D.E. 15-3, Pages 1-22). On June 13, 2012, this petition was refused. (D.E. 11-9).

On November 8, 2012, Petitioner filed an application for state habeas corpus relief. (D.E. 16-5, Pages 7-25). On September 4, 2013, Petitioner's application was "denied without written order on findings of trial court without hearing" by the Texas Court of Criminal Appeals. (D.E. 16-5, Page 2). Petitioner filed this federal habeas petition on January 30, 2014, claiming insufficient evidence, the trial court erred by not ordering a competency evaluation of the victim and accepting her testimony, and ineffective assistance of trial counsel because counsel failed to challenge the victim's competency. (D.E. 1). In the pending Motion for Summary Judgment, Respondent argues Petitioner's claims are without merit. (D.E. 18). Petitioner filed a response arguing his claims are valid. (D.E. 19).

### III. ANTITERRORISM AND EFFECTIVE DEATH PENATLY ACT OF 1996 ("AEDPA") 28 U.S.C. §2254

Federal habeas relief is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted). Under AEDPA, a state prisoner

---

testified that her multiple personalities include a six year old, a seventeen year old, and a thirty-something year old. (D.E. 15-11, Pages 52).

may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United
States; or

(b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies the principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). Although "unreasonable" is difficult to define, the Court noted it is an objective, rather than subjective, standard and emphasized that there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001)(citing *Williams*, U.S. 362 at 412-413).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(*quoting Yarborough v.*

*Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court must determine what theories or arguments supported, or could have supported, that state court's decision. Then it must ask whether it is possible that fair minded jurists could disagree that the arguments or theories are inconsistent with the holding in a prior decision of the Supreme Court. *Harrington*, 131 S. Ct. at 786. Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. *Id.*(citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

The standard is very difficult to meet. "As amended by AEDPA, § 2254(d) stops short of the imposing a complete bar on federal court litigation of claims already rejected in state proceedings…It preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther." *Id*. "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Id*. at 786-787. In addition, if a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision. *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999).

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Id*. In addition,

"where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Richter*, 131 S.Ct. at 784.

## IV. SUMMARY JUDGMENT

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 477 (5th Cir. 2000).

Rule 56 of the Federal Rules of Civil Procedure generally applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000)(citations omitted); *see also* FED. R. CIV. P. 81(a)(4)("These rules apply to proceedings for habeas corpus...."). While summary judgment rules apply with equal force in a § 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, Section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, such findings must be accepted

as correct by the federal habeas court. *See Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke,* 542 U.S. 274 (2004).

V. **DISCUSSION**

A. <u>**Sufficiency of the Evidence**</u>

In his first ground for relief, Petitioner asserts the evidence is insufficient to support his conviction. Although Petitioner now acknowledges he had sex with the victim, he maintains it was consensual. (D.E. 2, Pages 18 and 22). Petitioner alleges one of the victim's multiple identities consented to the sexual act and/or that the victim, as a result of her psychiatric disorder, was not aware of her other identities' consent and "cannot testify to consensual actions performed by her alter personalities that she is unaware of" as "the host." (D.E. 1, Page 6). Petitioner further alleges there was insufficient evidence "to disprove another personality may have consented to the acts." (D.E. 2, Page 7). In sum, Petitioner contends the evidence is insufficient to support his convictions because the State failed to prove the absence of consent, a required element for sexual assault in Texas.[5] For the reasons stated below, Petitioner's first ground for relief is without merit.

---

[5] In Texas, Petitioner is guilty of sexual assault if he: (1) intentionally or knowingly; (2) causes the penetration of the anus or female sexual organ of another person by any means; (3) without that person's consent. *See* Tex. Penal Code Ann. § 22.011(a)(1)(A). A sexual assault under this section is without the consent of the other person if, in relevant part: (1) the actor compels the other person to submit or participate by the use of physical force or violence; (2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat; (3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist; (4) the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or of resisting it; (5) the other person has not consented and the actor knows the

Federal courts have extremely limited habeas review of claims based on the sufficiency of the evidence, and the standard for reviewing such claims is supplied by *Jackson v. Virginia,* 443 U.S. 307 (1979). In *Jackson,* the United States Supreme Court held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. The trier of fact has the responsibility of weighing the evidence, resolving conflicts in testimony, and drawing reasonable inferences from basic facts to ultimate facts.[6] *Id.*

Further, under *Jackson,* "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo,* 513 U.S. 298, 330 (1995). "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v. Martinez,* 975 F.2d 159, 161 (5th Cir. 1992)(citation omitted). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise,* 221 F.3d 140, 154 (5th Cir. 2000)(citation omitted). Courts view the evidence in the light most favorable to the jury's verdict without second-guessing the

---

other person is unaware the sexual assault is occurring; or (6) the actor compels the other person to submit or participate by threatening to use force or violence against any person, and the other person believes that the actor has the ability to execute the threat. *See* Tex. Penal Code Ann. § 22.011(b)(1)-(5) and (7).

[6]In this case, Petitioner waived his right to a jury trial. (D.E. 15-11, Pages 5-13). The standard of review in "evaluating the sufficiency of the evidence supporting a conviction after a bench trial is whether the finding of guilt is supported by substantial evidence, i.e. evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond a reasonable doubt that the defendant is guilty." *United States v. Turner*, 319 F.3d 716, 720 (5th Cir. 2003)(*citing United States v. Mathes*, 151 F.3d 251, 252 (5th Cir. 1998).

weight or credibility given the evidence by the jury." *United States v. Ramos–Garcia,* 184 F.3d 463, 465 (5th Cir. 1999). The *Jackson* standard applies whether the evidence is direct or circumstantial. *United States v. Scott,* 159 F.3d 916, 920 (5th Cir. 1998)(citation omitted).

Evidence was presented at trial on this issue in the form of the victim's testimony. As found by the state habeas court, the victim "testified that Lewis 'raped' her, that he penetrated her vagina and anus with his penis, and that she did not agree to have sex with him." (D.E 15-6, Pages 6-7 and D.E. 15-11, Pages 37-43 and 78-81). The state habeas court further held that the victim's testimony further supported the finding that Petitioner "began the sexual assault [of the victim] while she slept" and that Petitioner's threats to have the victim "killed if she told anyone what had happened" were sufficient such that "the fact-finder could have reasonably inferred that Lewis was aware that [the victim] had not consented to the sexual acts." (D.E. 15-6, Page 7 and D.E. 15-11, Pages 37-43).

In this case, Petitioner contests only the issue of consent, not that he had sex with the victim. Specifically, Petitioner alleges one of the victim's multiple personalities consented. (D.E. 1, Page 6). However, the victim testified that when her other personalities are present, she does not remember anything that occurs. (D.E. 15-11, Pages 50-52). The victim then testified that, on the date of the incident, she remembers the events in detail, none of her other personalities were present, and she did not consent to have sex with the Petitioner. (D.E. 15-11, Pages 43, 55, 60-61 and 78-81).

The evidence produced at trial, when viewed in the light most favorable to the prosecution, is sufficient evidence such that any rational trier of fact could have found the

essential elements of sexual assault, including the lack of consent, beyond a reasonable doubt. A victim's testimony, standing alone, is sufficient to support a conviction for sexual assault. *See Peters v. Whitley*, 942 F.2d 937, 941-42 (5th Cir. 1991); *Fetterly v. Whitley*, 42 F.3d 641, 681 n. 6 (5th Cir. 1994)(unpublished). Having independently reviewed the state court record, there is nothing unreasonable in the state court's application of clearly established federal law or in its determination of facts in light of the evidence. The victim's mental ailments and the subsequent reliability of her testimony was, as further discussed below, within the province of the judge. Therefore, the evidence is sufficient to support Petitioner's convictions under *Jackson* and his first ground for relief should be denied.

### B. The Victim's Competency

Petitioner's remaining two grounds for relief are related as both challenge the victim's competency. Petitioner first argues that the trial court should have conducted a competency evaluation of the victim due to her diagnosed psychiatric disorder and found her incompetent to testify. Petitioner then asserts he received ineffective assistance of counsel because his trial counsel failed to request a competency evaluation. (D.E. 1, Pages 6-7 and D.E. 2, Pages 23-27).

Petitioner, while raising this ground on direct appeal, did not raise the issue of whether the trial court should have conducted a competency evaluation in his PDR or in his state habeas application. Therefore, it is unexhausted and procedurally barred.[7]

---

[7] Petitioner seeks relief pursuant to 28 U.S.C. § 2254 and was therefore required to exhaust all of his claims in state court before filing this federal habeas petition. 28 U.S.C. § 2254(b)(1); *Fisher*

However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. 2254(b)(2). Therefore, while this ground for relief is unexhausted, the undersigned fully addresses this ground for relief and recommends it is without merit.

As discussed by the state habeas court, it is presumed that every person is competent to testify. TEX. R. EVID. 601(a); *see also* FED. R. EVID. 601. Witnesses "who, in the opinion of the court, are in an insane condition of mind at the time when they are offered as a witness, or who, in the opinion of the court, were in that condition when the events happened of which they are called to testify" are incompetent. TEX. R. EVID. 601(a)(1). Texas courts "will consider whether the witness possesses (1) the ability to intelligently observe the events in question at the time of the occurrence, (2) the capacity to recollect the events, and (3) the capacity to narrate events" to the fact finder. *Watson v. State*, 596 S.W.2d 867, 870-71 (Tex. Crim. App. 1980). "Rule 601 does not require, nor does it empower a judge to force a witness to undergo psychiatric evaluation for the purpose of a competency determination." *Broussard v. State*, 910 S.W.2d 952, 960 (Tex. Crim. App. 1995). The trial court does not have a duty to conduct a preliminary competency examination on its own motion. *McGinn v. State*, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998)("[T]o complain about failing to obtain a hearing or other inquiry,

---

*v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999).

the party must have requested the hearing unless the rule, statute, or other law conferring the right to a hearing provides that the trial court has a duty to *sua sponte* conduct one").

Here, it is undisputed that Petitioner did not request that the trial court conduct a competency hearing. As discussed above, the trial court had no duty to conduct a competency examination on its own motion. Further, Petitioner failed to object to the victim's testimony on competency grounds. Therefore, as noted by the state habeas court, Petitioner did not preserve any error regarding the victim's competence. (D.E. 16-5, Page 75). The general rule is that the federal habeas court will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 729-32 (1991); *Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999). To produce a federal cognizable default, the state procedural rule "must have been 'firmly established and regularly followed' by the time it is to be applied. *Ford v. Georgia*, 498 U.S. 411, 424 (1991); *see also Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). It is well established under Texas law that to preserve error regarding a witness's alleged incompetence, the defendant must either request the trial court conduct an examination of the alleged incompetent witness or object to her competency to testify. TEX. R. APP. P. 33.1.

A procedural default may be excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In this case, Petitioner's claim was procedurally barred because he did not object to the victim's testimony. (D.E. 16-5, Page 75).

Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claim would result in a miscarriage of justice. Therefore, it is recommended that Petitioner's application for writ of habeas corpus be denied on this ground.

Further, as discussed by the state habeas court, even if this error had been preserved, upon review of the record specifically examining the trial court's decision to accept Petitioner's testimony, Petitioner was able to clearly testify and respond to questions, knew the difference between lying and telling the truth, remembered and described the sexual assault, testified she had neither blacked out nor was under the influence of another personality at the time of the sexual assault, and was able to recount Petitioner's threats after the assault. The trial court, finding no reason to reject the victim's testimony, allowed and considered it. The victim's mental ailments reflecting on her credibility are within the purview of the fact finder. The trial judge heard evidence as to victim's diagnosed psychiatric disorder and its effects, observed firsthand the victim's demeanor and ultimately chose to accept her testimony over the evidence presented by the defense. *Martinez,* 975 F.2d at 161 (The trier of fact weighs and determines the credibility of the evidence). Therefore, even if Petitioner had been able to overcome the procedural bars, he has still failed to show the state court's determination was contrary to, or involved an unreasonable application of federal law, or was an unreasonable determination of the facts based on the evidence in the record.

### C. Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the effective assistance of

counsel. To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in *Strickland v. Washington*. 466 U.S. 668 (1984). Petitioner must show counsel's performance fell below an objective standard of reasonableness and that deficient performance prejudiced the defense. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687-88. Petitioner must prove he was prejudiced by his attorney's substandard performance, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. Petitioner then "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011)(citations omitted).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance while recognizing that "counsel is strongly presumed to have rendered

adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689. The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms." *Id*. at 690.

In addition, federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). Where the state court adjudicated an ineffective assistance claim on the merits, this Court must review petitioner's claim under both *Strickland* and § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions fell below *Strickland's* standard – it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785.

Petitioner claims his trial counsel was ineffective because he failed to challenge the victim's competency. (D.E. 2, Pages 23-27). The state habeas court found that while the record was silent as to trial counsel's reasons for not requesting a competency hearing, Petitioner failed to show evidence of prejudice as necessary under *Strickland* because there was no reason to reject the victim's testimony. (D.E. 15-6, Page 15 and D.E. 16-5, Page 2). The undersigned finds this determination was not contrary to, or did not involve an unreasonable application of federal law, or was an unreasonable determination of the facts based on the evidence in the record. As discussed above, the victim's testimony was properly considered by the trial court. Further, an examination of

the record indicates Petitioner's attorney thoroughly cross-examined the victim, both about the sexual assault and her psychiatric disorder and its effects.

## VI. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A District Court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added)

In Petitioner's case, reasonable jurists could not debate the dismissal or denial of the Petitioner's §2254 petition on substantive or procedural grounds, nor find that the issues are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327. Accordingly, it is respectfully recommended the Court not issue a certificate of appealability.

## VII. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 18) be **GRANTED** and Petitioner's application for habeas corpus relief be **DISMISSED**. It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 3rd day of December, 2014.

_____
Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).