UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL LEWIS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-41 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent William Stephens's Motion for Summary Judgment (D.E. 18) to dismiss Petitioner Michael Lewis's writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.E. 1). On December 3, 2014, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation ("M&R"), (D.E. 20) recommending that Respondent's motion be granted and that Petitioner's claims be dismissed. This Court received Petitioner's objection on December 19, 2014 (D.E. 21). Petitioner's objection is set out and discussed below.

Petitioner objects to the Magistrate Judge's conclusion by reurging his claim that evidence was insufficient to support his conviction. Specifically, Petitioner contends that the "Respondent attempts to take the Petitioner's elaboration of his relationship with the complainant out of context" and that the complainant had "limited control of her memory and activities"—thus disproving the element of non-consent in his underlying sexual assault conviction. D.E. 21, p. 3. As the Magistrate Judge discussed, the standard of review when a state prisoner challenges his conviction based on the sufficiency of the

evidence in a federal habeas proceeding is demanding. D.E. 20, p. 8 (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Moreover, the assessment of the credibility of a witness is generally beyond the scope of review. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 330 (1995)). After a review of the record and viewing the evidence in the light most favorable to the prosecution, the Magistrate Judge concluded that any rational trier of fact could have found a lack of consent beyond a reasonable doubt. *Id.* at 9-10. The Court sees no error in the Magistrate Judge's conclusion and thus overrules Petitioner's objection.

The Petitioner also seeks an evidentiary hearing pursuant to § 2254(e)(2) for the first time in his objection to the M&R, alleging that facts outside the record exist that would entitle him to relief. D.E. 21, p.3. These purported facts include "false allegations, and unstable actions" by the complainant. *Id.* at 4. "Although issues raised for the first time in objections to a magistrate's report are generally not properly before the district court, a district court may construe the presentation of an issue in this posture as a motion to amend the underlying pleading." *Hale v. Young*, 584 F. App'x 246, 247 (5th Cir. 2014) (citations omitted). This Court denies Petitioner's request for an evidentiary hearing.

The habeas corpus statute provides the following in regards to evidentiary hearings:

> If an applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) The facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner has not shown that the facts "outside the record" were unknown and could not have been previously discovered through the exercise of due diligence. He has further failed to show how such facts would establish by clear and convincing evidence that no reasonable factfinder would have found him guilty. Accordingly, Petitioner's request for an evidentiary hearing is denied.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 20), as well as Petitioner's objection, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's M&R to which the objection was specifically directed, this Court **OVERRULES** Petitioner's objection and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. The Court also **DENIES** Petitioner's request for an evidentiary hearing. Accordingly, this action is **DISMISSED.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 4th day of February, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE